UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS ENRIQUE MARQUEZ ARZAPALA,<br>Petitioner(s),<br>v.<br>BRUCE SCOTT, et al.,<br>Respondent(s). | CASE NO. C26-3098-KKE<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

Along with Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241, he filed a motion for temporary restraining order ("TRO"). Dkt. Nos. 1, 2. Petitioner's TRO motion requests that the Court (1) enjoin the Government from transferring or removing him while his petition is pending, and (2) order his immediate release. Dkt. No. 2. The Court subsequently issued a scheduling order, requiring (among other things) that the Government provide notice to Petitioner of its intent to transfer him from this judicial district or remove him from the United States while the petition is pending. Dkt. No. 4.

Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first form of relief requested—the Court finds that Petitioner has not shown that he is entitled to the extraordinary relief requested because the Court's scheduling order provides adequate protection against imminent harm in the form of transfer or removal while his petition is pending.

As to the second form of relief requested, the Court finds that Petitioner has not shown that he is entitled to temporary relief in the form of immediate release, as that is the same relief he requests on the merits. *See, e.g.*, *Popowski v. Warden Nw. Immigr. & Customs Enf't Processing Ctr.*, No. 26-2930-JNW, 2026 WL 2412637, at *1 (W.D. Aug. 18, 2026) ("The purpose of a TRO is to preserve the status quo pending full adjudication, not to grant the movant the same relief he would obtain if he prevailed on the merits.").

For these reasons, because Petitioner has not met his burden to show that he is entitled to either form of relief requested in his motion, the Court DENIES the TRO motion without prejudice. Dkt. No. 2.

Dated this 9th day of September, 2026.

Kymberly K. Evanson
United States District Judge